NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JEFFREY FOSTER,

        Plaintiff,

   -against-                                 MEMORANDUM AND ORDER
                                             05-CV-1727 (ERK)

JOHN DOE NEW YORK CITY POLICE
DEPARTMENT 1-5,

        Defendants.
-----------------------------------------------------------x
KORMAN, Ch. J.

    Plaintiff, Jeffrey Foster, incarcerated at Rikers Island, brings this action *pro se* pursuant to 42 U.S.C. § 1983.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and directs plaintiff to file an amended complaint within sixty (60) days of the date of this Order for the reasons discussed below.

## BACKGROUND

Plaintiff complaint in its entirety states:

> On 12/28/04 approx. 7:15 a.m. at 130 3rd Brooklyn N.Y. 11217 apt 14-G my mother's apartment door was kicked in by NEW YORK CITY POLICE DEPARTMENT (emphasis in original). The police officer ram shack the apartment breaking computers, playstations and anything they couldn't open. [T]hey was under command of a SGT. They didn't have a search warrant. They arrested Jabbary Foster, Jeffrey Foster and Jeffery Harris because contraband was allegedly found in the residence. The police told me the only reason they arrested me was because they wanted pay back for something that happened in 1994 to which I already did my time for.

Complaint at 3, ¶ D. Plaintiff seeks declaratory relief and a total of $600,000.00 in monetary damages.

---

[1] The United States District Court for the Southern District of New York transferred the instant complaint to this Court by order dated March 25, 2005.

1

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se,* his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A.

## DISCUSSION

"Section 1983 itself creates no substantive rights[, but] ... only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993), cert. denied, 512 U.S. 1240 (1994) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)). In order to maintain a §1983 action, a plaintiff must allege not only that "the conduct complained of ... [was] committed by a person acting under color of state law," but also that "the conduct complained of ... deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citations omitted). 42 U.S.C. § 1983 imposes civil liability on those who, while acting under color of state law, deprive a United States citizen of federally protected rights. See 42 U.S.C. § 1983; Scotto v. Almenas, 143 F.3d 105, 110 (2d Cir. 1998). Moreover, the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted).

Fourth Amendment

Plaintiff alleges that unidentified members of the New York City Police Department violated his Fourth Amendment rights when they entered his mother's apartment without a search warrant and arrested him. The Fourth Amendment protects individuals against unreasonable searches and seizures by the governemnt. The police may not enter a private residence and arrest a person residing there without either: (1) a warrant; or (2) the existence of both probable cause and an exception to the warrant requirement. Kyllo v. United States, 533 U.S. 27, 31 (2001); Anthony v. City of New York, 339 F.3d 129, 135 (2d Cir. 2003); Dzinanka v. County of Suffolk, 932 F.Supp. 59, 62 (E.D.N.Y. 1996). It is well settled that warrantless entries into the home to make a search, seizure, or arrest are "presumptively unreasonable." Payton v. New York, 445 U.S. 573, 586 (1980); United States v. Fields, 113 F.3d 313, 322-23 (2d Cir. 1997); United States v. McDonald, 916 F.2d 766 (2d Cir. 1990). However, "the warrant requirement must yield in those situations where exigent circumstances demand that law enforcement agents act without delay." McDonald, 916 F.2d at 768 (citing Warden v. Hayden, 387 U.S. 294, 298-99 (1967)).

The Second Circuit has set forth the following non-exclusive factors to aid in determining whether exigent circumstances exist: (1) the gravity or violent nature of the offense with which the suspect is to be charged; (2) whether the suspect is reasonably believed to be armed; (3) a clear showing of probable cause . . . to believe that the suspect committed the crime; (4) strong reason to believe that the suspect is in the premises being entered; (5) a likelihood that the suspect will escape if not swiftly apprehended; and (6) the peaceful circumstances of the entry. Loria v. Gorman, 306 F.3d 1271, 1284 (2d Cir. 2002). "[T]he presence or absence of any single factor is not dispositive." Id.

Plaintiff alleges that defendants did not have a search warrant. However, it is unclear whether

exigent circumstances were present or whether anyone consented to the police officers' entry into the apartment. Moreover, plaintiff's complaint is silent as to the disposition of his arrest on December 28, 2004. It is uncertain at this time whether the state criminal charges are pending, and whether proceedings are ongoing or plaintiff has been convicted.

Furthermore, plaintiff alleges that personal property was destroyed during the search. The Supreme Court has held that while conducting a search, officers may occasionally have to "damage property in order to perform their duty." Dalia v. United States, 441 U.S. 238, 258 (1979); Cody v. Mello, 59 F.3d 13, 16 (2d Cir. 1995) "Before any due process liability can be imposed for property damage occurring in a lawful search, it must be established that the police acted unreasonably or maliciously in bringing about the damage." Cody, 59 F.3d at 16; Bartlett v. City of New York, No. 03 CV 1961 2005 WL 887112, at * 7 (E.D.N.Y. Feb. 11, 2005). Here, plaintiff offers no more than conclusory allegations that the damage resulted from unreasonable behavior on the part of the officers.

## CONCLUSION

If a liberal reading of a *pro se* complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). Therefore, plaintiff is given sixty (60) days leave from the date of this Order to file an amended complaint.[2] Plaintiff's amended complaint must set forth the results of any proceedings against him, including whether he has been convicted or whether the state criminal proceedings are ongoing. Moreover, plaintiff must state whether he resides in his mother's apartment, and

---

[2] See page attached.

whether he or anyone who resides in the apartment where the search took place granted the police permission to enter the apartment. Plaintiff must also provide a detailed description of the personal property that was allegedly destroyed. In addition, plaintiff must also identify, as best he can, the individual defendant(s) who were personally involved in the events that he claims violated his rights. Wright, 21 F.3d at 501. Plaintiff should refer to his arrest records to identify the individual defendants. If plaintiff does not know the true identity of an individual defendant, he must provide as much detail as possible, including a physical description of each defendant, whether the defendant was a man or a woman, what position or job each defendant held, so that defendant may be identified. Plaintiff shall name the defendants in the caption of his complaint. Plaintiff is responsible for identifying defendants and serving them with process within statute of limitations. Soto v. Brooklyn Correctional Facility, 80 F.3d 34 (2d Cir. 1996).

Plaintiff is advised that any amended complaint he files will completely replace the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number of this Order. No summons shall issue at this time and all further proceedings shall be stayed for sixty (60) days. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Edward R. Korman
EDWARD R. KORMAN
United States District Judge

Dated: Brooklyn, New York
       May 3 , 2005

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JEFFREY FOSTER,

        Plaintiff,

-against-                                         **Amended Complaint**
                                                                05-CV-1727 (ERK)

        Defendants.
------------------------------------------------------------x